**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



TEVA PHARMACEUTICALS USA, INC.,
TEVA PHARMACEUTICAL INDUSTRIES
LTD., TEVA NEUROSCIENCE, INC.,

          and

YEDA RESEARCH AND DEVELOPMENT
CO. LTD.,

          Plaintiffs,

    -against-

SANDOZ, INC., SANDOZ
INTERNATIONAL GmbH, NOVARTIS AG,

          and

MOMENTA PHARMACEUTICALS, INC.,

          Defendants.

Index No. 08 CV 7611 (BSJ) (AJP)

**STIPULATED PROTECTIVE ORDER**



## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel, that in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the following terms and conditions (the "Protective Order") shall govern discovery in the above referenced action (the "Litigation"):

1.      Definitions.  Words shall have their normally accepted meanings as employed in this Protective Order.  The word "shall" is mandatory.  The words "includes" and "including" are not limiting.  The singular shall include the plural and vice versa.  Additionally, the following terms shall have the listed definitions.

(a)      As used herein, the term "Document" shall have the meaning set forth in Local Civil Rule 26.3 (c)(2).

(b)      As used herein, the term "Information" includes information of any type, kind or character whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory or other discovery response, or otherwise.

(c)      As used herein, the term "In-House Counsel" shall mean attorneys or licensed patent attorneys admitted to practice before a national patent office who are employees of a party.

2.      Scope.  This Stipulated Protective Order (the "Order") includes within its scope any Documents and Information produced, disclosed or filed in the Litigation, whether by a party or non-party (each individually, a "Source"), whether pursuant to formal or informal discovery requests or motion practice, and whether revealed in a document, deposition, an interrogatory

answer, a response to a request for documents, a submission to the court or otherwise and including all Documents and all such Information produced or disclosed by non-parties in this Litigation pursuant to subpoena and/or deposition notice (collectively, "Litigation Material").

3.    Scope and Designation of Confidentiality. "Confidential Information" shall include Litigation Material designated "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY", as defined below.  Any information not designated as one of the above categories by a Source shall be considered to be non-confidential.  No information shall be regarded as Confidential Information:

(a)    if it is in the public domain at the time of disclosure, as evidenced by a document, electronically stored information, or tangible thing;

(b)    if it becomes part of the public domain through no fault of the receiving party, as evidenced by a document, electronically stored information, or tangible thing;

(c)    if it was in the rightful and lawful possession of the receiving party prior to the time of the disclosure, without any applicable obligation of confidentiality, as evidenced by a document, electronically stored information, or tangible thing; or

(d)    if it is received lawfully by the receiving party at a later date from a third party without restriction as to disclosure, provided that such third party has the right to make such unrestricted disclosure to the receiving party.

4.    Designation as "HIGHLY CONFIDENTIAL".  The designation "HIGHLY CONFIDENTIAL" shall mean information that the Source in good faith believes is of a proprietary or commercially sensitive nature and/or information that is required to be treated as confidential pursuant to statute or common law, including applicable foreign data privacy laws, including, but not limited to, information that the Source in good faith believes constitutes a trade

secret in the possession of the Source, including the trade secrets of the Source's customers, vendors, accountants, underwriters, or other party, or that the Source in good faith believes constitutes other highly sensitive proprietary information that is entitled to additional protections. Information designated "HIGHLY CONFIDENTIAL" may include, but is not limited to, materials relating to ongoing research, development, and regulatory approval.

5.    Designation as "EXTERNAL COUNSEL ONLY". The designation "EXTERNAL COUNSEL ONLY" is limited to information that the Source in good faith believes constitutes technical or business information of a most sensitive nature that might be of significant value to an actual or potential competitor of the Source and which must be protected from disclosure as set forth herein. Information designated "EXTERNAL COUNSEL ONLY" may include, but is not limited to, future business plans, financial analyses and projections, contractual relationships to third parties, and the identification of customers and suppliers.

6.    Limited Use of Discovery.

(a)    All Confidential Information shall be used solely for this Litigation and the preparation and trial in this Litigation, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation, any other litigation, patent prosecution, acquisition, or any communication with any U.S. or foreign regulatory agency including, but not limited to, the FDA, or any business, research, development or competitive purpose or function. Confidential Information must not be distributed, disclosed, or made available to anyone except as expressly provided in this Order. This Order places no limitation on a Producing Party's use or disclosure of its own Confidential Information.

(b)    Confidential Information and the information derived from such Confidential Information shall be kept confidential and shall not be given, shown, made available,

discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

(c)     All Confidential Information, including, but not limited to electronically stored data, shall be maintained by the receiving party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

7.     Access to Confidential Information

Unless otherwise ordered by the Court or permitted in writing by a Source, Confidential Information may be disclosed only as follows:

(a)     Materials designated as "EXTERNAL COUNSEL ONLY" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein, may be disclosed only to the following persons:

(i)     Any attorney who serves as outside counsel of record to any party to this Litigation and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorney in this Litigation;

(ii)     For each party to this Litigation, the attorneys at one additional law firm that is not of record in this Litigation but serves as outside counsel to such party and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorneys. If any party desires to disclose materials designated as "EXTERNAL COUNSEL ONLY" to such additional law firm, the additional law firm must first be identified to the producing party's attorneys in writing, and must agree to be bound by this Protective Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as Exhibit A;

(iii)     The Parties' independent expert(s) or consultant(s) in accordance with Paragraphs 10 and 13 herein;

(iv)     Any person from whom testimony is taken, where such person was the author or specified recipient of the Confidential Material or is the present employee or expert witness for the Source, or where counsel for the Source has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such Confidential Material;

(v)     The Court and court personnel in this Proceeding, including Court reporters in accordance with Paragraph18 herein;

(vi)     Any interpreters, or court or other shorthand reporters or typists translating, recording or transcribing testimony;

(vii)     Any service contractors (such as document copy services); and

(viii)     Any translators, persons providing graphics or design or document services for purposes of preparing demonstrative or other exhibits in this Litigation and non-technical jury or trial consulting services, provided that any such person(s) agrees to be bound by this Protective Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as Exhibit A.

(b)     Materials designated as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein, may be disclosed to the persons designated in subparagraph 7(a), above, as well as to the following persons:

(i)     Two designated In-House Counsel from each party, in accordance with Paragraphs 11 and 12 herein.

(c)     Limited Exception:

(i)    Witnesses: If a document designated as "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" refers to the conduct or affairs of a potential witness, the Parties attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its contents, its author or its source.

8.    Manner of Disclosure. The provisions of this Protective Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to any interrogatory answers; responses to requests for admission; deposition testimony, transcripts, and exhibits; and any other discovery materials produced in response to or in connection with any discovery conducted in the Litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

9.    Manner of Designating Confidentiality. Documents or information may be designated as Confidential Information within the meaning of this Protective Order in the following ways:

(a)    In the case of documents and the information contained therein, designation shall be made by means of placing a stamp, label, or other clear designation stating "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" on the documents to be so designated. In cases where it is impractical to stamp each page of a document, the Source shall indicate on the face of the document that the entire document is confidential.

(b)    In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by placing on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "Contains information designated [select one or more as appropriate] HIGHLY

CONFIDENTIAL/EXTERNAL COUNSEL ONLY." Designated parts are not to be used, copied, or disclosed except as authorized by this Protective Order.

(c)    In the case of depositions and the information contained in depositions (including exhibits), designation of the whole transcript or portions of the transcript (including exhibits) that contain Confidential Information shall be made either on the record at the deposition or by letter from counsel within thirty (30) days of receipt of the deposition transcript. If the testimony involves material that a non-party designated as confidential, the person taking the deposition must consult that non-party to determine whether the affected portions of the testimony should be designated as Confidential Information. The entire deposition transcript (including exhibits) shall be treated as EXTERNAL COUNSEL ONLY under this Protective Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The parties may also agree to extend the time period for providing such designations. Further, the notation, "Contains information designated [select one or more as appropriate] HIGHLY CONFIDENTIAL/EXTERNAL COUNSEL ONLY" shall be placed on the front of the deposition transcript, and, if the deposition is videotaped, on the videocassette, CD-ROM or other video container. Designated parts are not to be used, copied, or disclosed except as authorized by this Protective Order. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph.

(d)    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced by any Source in such form, the producing Source may designate such matter as "HIGHLY CONFIDENTIAL" or "EXTERNAL

COUNSEL ONLY" by placing a stamp, label or other clear designation stating "HIGHLY

CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" on the disc or tape containing the

Computerized Material.

      10.     <u>Disclosure To And Identification Of Experts and Consultants</u>. If any party desires

to disclose "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" information of

another party to any Expert or Consultant, it must first identify each Expert or Consultant to the

producing party's attorneys in writing.  Such identification shall include: (1) the proposed Expert

or Consultant's full name, professional address, and professional affiliations; (2) an up-to-date

curriculum vitae identifying the past five years of consulting history; and (3) a list of the cases in

which the Expert or Consultant has testified at a deposition or at trial within the last five years.

      The attorney for the producing party shall have seven (7) calendar days from receipt of

such notice to object to such disclosure, during which time no such disclosure shall be made.

      If the producing party does object to the proposed disclosure, the parties shall meet and

confer within seven (7) calendar days of receipt of such objection to resolve the disagreement.

      If the parties are not able to come to an agreement, the receiving party shall have the burden

of moving the Court for an order allowing the disclosure. The producing party shall have ten (10)

business days after the receiving party has filed a motion to respond.  If such a motion is filed,

disclosure shall not be made until the Court has ruled on the motion and response. If the Court

orders disclosure, such disclosure shall not in any way affect the designation of the material or

information disclosed, nor shall it allow any party to deviate from the requirements of this

Protective Order regarding disclosure to any other person.

      11.     <u>Disclosure To And Identification Of In-House Counsel.</u> If any party desires to

disclose "HIGHLY CONFIDENTIAL" information of another party to an In-House Counsel, it

must first identify such in-house counsel to the producing party's attorneys in writing.  The initial

designations for Plaintiffs are as follows:

| PARTY | FULL NAME OF IN-HOUSE COUNSEL | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|---|
| Teva Pharmaceuticals USA, Inc. | James E. Bauersmith | Director, Legal Affairs | Teva North America 425 Privet Road Horsham PA 19044-8005 |
| Teva Pharmaceuticals USA, Inc. | Staci L. Julie | Associate General Counsel | Teva North America 425 Privet Road Horsham PA 19044-8005 |
| Teva Neuroscience, Inc. | David M. Stark | Vice President and General Counsel | Teva North America 425 Privet Road Horsham PA 19044-8005 |
| Teva Neuroscience, Inc. | James Rodenberg | Vice President, Legal and Assistant General Counsel | Teva Neuroscience, Inc. 901 E. 104th Street Kansas City, MO 64131 |
| Teva Pharmaceutical Industries Ltd. | Yehudah Livneh | General Patent Counsel | Teva Pharmaceutical Industries, Ltd. 5 Basel Street Petach-Tikva 49131 ISRAEL |
| Teva Pharmaceutical Industries Ltd. | Sharon F. Hausdorff | Senior Assistant General Patent Counsel | Teva Pharmaceutical Industries, Ltd. 5 Basel Street Petach-Tikva 49131 ISRAEL |
| Yeda Research and Development Co. Ltd. | Gil Granot-Mayer | General Counsel | Yeda Research & Development Co. Ltd. P.O. Box 95 Rehovot 76100, Israel |
| Yeda Research and Development Co. Ltd. | Galit Schneider | Legal Counsel | Yeda Research & Development Co. Ltd. P.O. Box 95 Rehovot 76100, Israel |

The initial designations for Defendants Sandoz Inc. and Momenta are as follows:

| PARTY | FULL NAME OF IN-HOUSE COUNSEL | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|---|
| Sandoz Inc. | Mark Bowditch | Patent Attorney II | Sandoz Inc. 506 Carnegie Center Princeton, NJ 08540-6243 |
| Sandoz Inc. | Stephen R. Auten | Vice President, Legal - Intellectual Property | Sandoz Inc. 506 Carnegie Center Princeton, NJ 08540-6243 |
| Momenta Pharmaceuticals, Inc. | Bruce A. Leicher | Senior Vice President and General Counsel | Momenta Pharmaceuticals, Inc. 675 West Kendall Street Cambridge, MA 02142 |
| Momenta Pharmaceuticals, Inc. | Leda Trivinos | Senior Director, Intellectual Property | Momenta Pharmaceuticals, Inc. 675 West Kendall Street Cambridge, MA 02142 |

12.     If any party subsequently proposes a substitution of designated in-house counsel, it must identify in writing the proposed substitute in-house counsel. Such identification shall include the proposed in-house counsel's: (1) full name; (2) job title; and (3) professional address.

The producing party shall have seven (7) calendar days from receipt of such notice to object to such substitution, during which time no such disclosure shall be made. In addition, no disclosure will be made unless and until the producing party consents in writing to such substitution or the Court issues an order permitting such disclosure.

If the producing party objects to the proposed substitution, the parties shall meet and confer within seven (7) calendar days of receipt of such objection to resolve the disagreement.

If the parties are not able to come to an agreement, the receiving party shall have the burden of moving the Court for an order allowing the disclosure. The producing party shall have ten (10) business days after the receiving party has filed a motion seeking disclosure to respond. If the

Court issues an order permitting disclosure, such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Protective Order regarding disclosure to any other person.

13.     Preservation of Executed Acknowledgements. Persons, such as experts and consultants, who are not parties to this Litigation but will have access to Confidential Information shall review and sign an Acknowledgement and Agreement to be Bound (see Exhibit A). The originals of any executed Acknowledgments of Stipulated Protective Order shall be deemed work product, and the party who obtains them shall maintain them until (30) days after the filing of the decision from the last reviewing court that disposes of the Litigation in its entirety ("the Final Resolution of the Litigation"). In any action or proceeding to enforce the terms of this agreement, upon a showing of good cause to the Court, copies of all executed Acknowledgments of Stipulated Protective Order shall be provided to the court for *in camera* review.

14.     Objections to Designations. The following procedures shall govern any challenges to confidentiality designations:

(a)     If a party in good faith believes that information should not be designated as Confidential Information, it must specify to the Source in writing (i) the information challenged and (ii) the grounds for questioning the confidentiality designation. The Source must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents or other information challenged) and is agreed to by counsel or as ordered by the Court.

(b)     If the objecting party and the Source do not reach agreement within ten (10) business days after the Source has responded to the challenging party, then the party opposing the

confidentiality designation has ten (10) business days to move the Court to compel. Until the Court rules, the confidentiality designation shall remain in effect.

          (c)     Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to confidentiality, which shall be determined in accordance with governing law.

      15.     Option to Redact Information. The Source may choose to produce documents, electronically stored information, or tangible things in redacted form, redacting information that is nonresponsive (including confidential material unrelated to the litigation), or information that is protected by the attorney-client privilege or the work-product doctrine. [Defendants may also be required to redact certain information pursuant to applicable foreign data privacy laws. Plaintiffs do not believe that there is a need to agree in advance that particular redactions are proper and suggest addressing the issue when and if it arises during discovery.] The Source will make the notation, "REDACTED", on each redacted portion of the document, electronically stored information, or tangible thing. If requested by a receiving party, the Source will, within five (5) business days of such request, provide the basis for any redactions made to identified documents.

      16.     Objection to Redactions. The following procedures shall govern any challenges to a redaction:

          (a)     If a party in good faith believes that a redaction is improper, it must specify to the Source in writing (i) the redaction challenged and (ii) the grounds for questioning the redaction. The Source must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents or other information challenged) and is agreed to by counsel or as ordered by the Court.

(b)     The Source and the party challenging a redaction may choose, but are not required, to designate a mutually acceptable party to inspect the redacted information and to provide a recommendation as to whether the redaction was proper. The Source is not required to make such a disclosure of redacted information, but if such a disclosure is made, it shall be considered to have been made only to expedite resolution of the dispute over the redaction and shall not constitute a waiver by the Source of any privilege, immunity, or other protection from disclosure. The mutually acceptable party inspecting the redacted information shall sign an Acknowledgement and Agreement to be Bound and shall not disclose the redacted information to any other person or use such information for any other purpose other than to inspect the redacted information and to provide a recommendation as to whether the redaction was proper.

(c)     If the objecting party and the Source do not reach agreement within ten (10) business days after the Source has responded to the challenging party, then the party opposing the redaction has ten (10) business days to move the Court to compel. Until the Court rules, the redaction shall remain in place.

(d)     Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to assertions of attorney-client privilege, work-product doctrine, or trade secret, which shall be determined in accordance with governing law.

17.     Request for Redaction from Receiving Party. A party that is to receive documents, electronically stored information, or tangible things that are designated as "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY", may ask the Source instead to produce redacted copies of those documents, electronically stored information, or tangible things without those designations, but the Source is under no obligation to do so.

18.    Filing Confidential Information with the Court. If any party files Confidential

Information with the Court, including documents that reveal, disclose or summarize information

contained in documents designated as "HIGHLY CONFIDENTIAL" or "EXTERNAL

COUNSEL ONLY", the Confidential Information shall be filed under seal without the need of

further Court Order. The Confidential Information shall be filed in sealed envelopes, or other

sealed containers, on which shall be endorsed the caption of the Litigation, a brief indication of the

nature of the contents of the sealed envelope or container, the appropriate confidentiality

designation ("HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY") and a

statement substantially in the following form:

> THIS ENVELOPE OR CONTAINER HOLDS DOCUMENTS,
> ELECTRONICALLY    STORED    INFORMATION,    OR
> TANGIBLE THINGS THAT HAVE BEEN DESIGNATED AS
> CONFIDENTIAL OR THAT CONTAIN CONFIDENTIAL
> INFORMATION AND THAT ARE UNDER THE PROTECTION
> OF THE STIPULATED PROTECTIVE ORDER ENTERED IN
> THE CAPTIONED LITIGATION MATTER BY THE COURT.
> THE DOCUMENTS OR THEIR CONTENTS MAY NOT BE
> DIVULGED OR DISCLOSED WITHOUT PRIOR ORDER OF
> THE COURT.

All such Confidential Information shall not become part of the public record, but shall be part of

the record considered by the Court on the issue or issues to which they may be relevant.

19.    Confidential Information Shall Not Be Filed Electronically with the Court. Any

filing with the Court containing Confidential Information, including documents that reveal,

disclose or summarize information contained in documents designated as "HIGHLY

CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY", shall not be filed electronically.

Instead, a party shall electronically file a notice of service containing the title of the document that

has been filed under seal and the notice of service shall indicate that the document was filed under

seal pursuant to this Protective Order.

ny-862153                                    15

20.    Preservation of Rights and Privileges. Nothing contained in this Protective Order shall: (a) affect the right, if any, of any party or non-party to make any type of objection, claim, or other response to any discovery request, including, without limitation, any interrogatories, requests for admissions, requests for production of documents or questions at a deposition; (b) be construed as a waiver of any legally cognizable privilege to withhold any Confidential Information, or of any right to assert such privilege at any stage of the Litigation; or (c) prevent any party from applying to the Court for relief from this Protective Order, modification of this Protective Order or additional protective orders.

21.    No Admission. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular document or other information is or is not (i) confidential, (ii) privileged, or (iii) admissible in evidence at trial. The parties retain the right to challenge the use or admissibility of all documents or information exchanged under this Protective Order.

22.    Use of Confidential Information at Hearings and Trial. Any party that reasonably believes it will disclose Confidential Information in any proceeding before the Court shall so inform the Court and the Source at least forty-eight (48) hours in advance of actual disclosure so that the Court can decide what precautions, if any, are appropriate to protect the Source's Confidential Information, including how exhibits containing Confidential Information shall be filed to maintain their confidentiality. The use of Confidential Information at trial shall be addressed in the final pretrial order, except that the Source shall unilaterally determine whether the designation of "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" shall be removed from any exhibit containing its Confidential Information before such exhibit is used at

trial. The removal of this designation shall not affect the protections afforded to the Confidential Information itself.

23.     Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Litigation, and in the course thereof, from generally referring to or relying upon HIGHLY CONFIDENTIAL /EXTERNAL COUNSEL ONLY information. In rendering advice or otherwise communicating with his or her client, counsel shall not disclose the specific content of any HIGHLY CONFIDENTIAL /EXTERNAL COUNSEL ONLY information where such disclosure would not otherwise be permitted under the terms of this Order

24.     Return or Destruction of Materials. Within sixty (60) days after final judgment from which no appeal can be taken is entered in this Litigation ("Final Resolution of the Litigation"), counsel for the receiving party shall either return to counsel for the Source all Confidential Information stored in any form (including Confidential Information in the possession, custody, or control of any authorized agents, experts and consultants) or destroy the Confidential Information. Counsel for each party must certify compliance with this paragraph within this sixty-day period. As to those materials that contain or reflect Confidential Information, but which also constitute or reflect counsels' work product, such counsel shall be entitled to retain those materials in their files in accordance with the provisions of this Protective Order, so long as such materials are marked with the appropriate designation. Counsel shall also be entitled to retain one copy of all pleadings, motion papers (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are marked with the appropriate designation. Materials described in this paragraph contained in the files of counsel shall continue to be governed by this Protective Order.

25.    Withdrawal Requests. Within sixty (60) days after Final Resolution of the

Litigation, any Confidential Information which has been submitted to the Court during the course

of the Litigation, including Confidential Information submitted for identification or received into

evidence at the time of the trial of the Litigation, may be the subject of a withdrawal request

addressed to the Court, and consent to such request shall not be withheld by the receiving party or

parties without good cause.

26.    Inadvertent Disclosure. The inadvertent or unintentional disclosure or failure to

designate documents, electronically stored information, or tangible things as "HIGHLY

CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" shall not be deemed a waiver in whole

or in part of a Source's claim of confidentiality, either as to the specific information disclosed or as

to any other information relating thereto. Upon learning of an inadvertent or unintentional

disclosure of Confidential Information, the Source shall provide notice to the parties who have

received such Confidential Information as to how the information should have been designated

and shall thereafter have ten (10) business days to make the appropriate designation. During this

ten-day period, the information may not be used in a manner inconsistent with such notice. Upon

receipt of properly re-designated documents, counsel for the receiving party shall, within ten (10)

business days, either return to counsel for the Source all versions of that Confidential Information

that were not so designated or certify in writing that they have been destroyed.

27.    No Waiver of Privilege. Pursuant to FRE 502, the inadvertent or unintentional

disclosure of information subject to a claim of privilege (including work-product immunity) shall

not be deemed a waiver in whole or in part of a Source's claim of privilege (including

work-product immunity), either as to the specific information disclosed or as to any other

information relating thereto. Upon learning of an inadvertent or unintentional disclosure of

privileged information, the Source shall provide written notice to the parties who have received such privileged information. Within ten (10) business days of the date of that notice, the documents or materials described in that notice shall be returned to counsel for the Source, all copies of such documents or materials in the recipient's possession shall be destroyed, and any future reference to such documents or materials in any other documents or materials shall be prohibited. If the receiving party intends to challenge the assertion of privilege, it must provide written notice within this ten-day period. The receiving party must file a motion to compel the production of the documents within thirty (30) days of its notice challenging the assertion of the privilege. Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials, place them in a sealed envelope or other sealed container and shall not make any use of such documents, electronically stored information, or tangible things.

    28.    <u>Requests for Production from Those Who are Not a Party to This Protective Order</u>. Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including, but not limited to, natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Protective Order, which subpoena seeks production or other disclosure of such Confidential Information, shall promptly give written notice by facsimile, e-mail, or overnight mail delivery to counsel for the Source identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such information is confidential, subject to this Protective Order, and may not be disclosed without either (i) the consent of the Source or (ii) a court order. The

person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

29.    Additional Parties.  The terms of this Protective Order shall be binding upon all current and future parties to the Litigation and their counsel.  Within ten (10) days of the entry of appearance by a new party to the Litigation, Plaintiffs' counsel shall serve a copy of this Protective Order on the new party's counsel.  When serving subpoenas on non-parties, a copy of this Protective Order shall be included, and the subpoena shall expressly incorporate by reference the terms of this Protective Order.  Any non-party producing documents or information in the Litigation may avail themselves of the confidential treatment provided for in this Protective Order by signing a copy of this Protective Order and serving same on all counsel of record.

30.    Source's Use of Own Information.  Nothing in this Protective Order shall prevent a Source from using or disclosing its own information as it deems appropriate.  Any such disclosure by a Source shall not impair the confidentiality obligations imposed upon all other parties and persons subject to this Protective Order.

31. ·   Materials Excluded from Discovery.  The following materials will be excluded from discovery in this case: expert witnesses' notes, drafts, and communications with counsel, with the exception that discovery shall be permitted into communications of facts on which an expert relies in forming an opinion.  Other materials considered by any expert witness in forming his or her opinions are not affected by this provision.

32.    Compliance with Federal and Local Rules.  This Protective Order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or the Standing Orders of this Court with respect to discovery issues.

33.    Binding Effect of Protective Order Prior to Entry. All parties to this Protective Order shall be bound by the terms of the Protective Order pending entry of the Protective Order by the United States District Court for the Southern District of New York.

34.    Duration of Protective Order. This Protective Order shall remain in force and effect until modified, superseded, or terminated by written consent of all parties or by an order of the Court. The Court expressly retains jurisdiction to enforce of the provisions of this Protective Order following the Final Resolution of the Litigation.

35.    Execution in Counterparts. This Protective Order may be executed in counterparts and signatures obtained via facsimile shall have the full force and effect of original signatures.

36.    Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Confidential Information.

Dated: March 19, 2009

By: _____

Karen L. Hagberg
Grant J. Esposito
Allison G. Schnieders
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
212.468-8000

David C. Doyle
Anders T. Aannestad
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
858.720.5100

Attorneys for Defendants
SANDOZ INC.; SANDOZ INTERNATIONAL
GmbH; NOVARTIS AG and MOMENTA
PHARMACEUTICALS, INC.

Dated: March 19, 2009

By: _____

Steven J. Lee
Elizabeth J. Holland
Hsin Lin
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
Phone (212) 425-7200
Fax (212) 425-5288

COUNSEL FOR PLAINTIFFS
TEVA PHARMACEUTICALS USA, INC.
TEVA PHARMACEUTICAL INDUSTRIES LTD.
TEVA NEUROSCIENCE, INC.
YEDA RESEARCH AND DEVELOPMENT CO. LTD.

Dated:  March 19, 2009

By: _____

        Karen L. Hagberg
        Grant J. Esposito
        Allison G. Schnieders
        MORRISON & FOERSTER LLP
        1290 Avenue of the Americas
        New York, New York 10104-0050
        212.468-8000

        David C. Doyle
        Anders T. Aannestad
        MORRISON & FOERSTER LLP
        12531 High Bluff Drive, Suite 100
        San Diego, California  92130-2040
        858.720.5100

        Attorneys for Defendants
        SANDOZ INC.; SANDOZ INTERNATIONAL
        GmbH; NOVARTIS AG and MOMENTA
        PHARMACEUTICALS, INC.

Dated:  March 19, 2009

By: _____

        Steven J. Lee
        Elizabeth J. Holland
        Hsin Lin
        KENYON & KENYON LLP
        One Broadway
        New York, New York 10004-1050
        Phone (212) 425-7200
        Fax (212) 425-5288

        COUNSEL FOR PLAINTIFFS
        TEVA PHARMACEUTICALS USA, INC.
        TEVA PHARMACEUTICAL INDUSTRIES LTD.
        TEVA NEUROSCIENCE, INC.
        YEDA RESEARCH AND DEVELOPMENT CO. LTD.

Nicholas Groombridge
Patricia Young
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Phone (212) 310-8000
Fax (212) 310-8007

COUNSEL FOR PLAINTIFF
YEDA RESEARCH AND DEVELOPMENT CO. LTD.

David M. Hashmall
Jeffrey A. Simes
GOODWIN PROCTOR LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone (212) 813-8800
Fax (212) 355-3333

COUNSEL FOR PLAINTIFFS
TEVA PHARMACEUTICALS USA, INC.
TEVA PHARMACEUTICAL INDUSTRIES LTD.
TEVA NEUROSCIENCE, INC.

**IT IS SO ORDERED.**

Dated:   _4-10-09_

United States District Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TEVA PHARMACEUTICALS USA, INC.,
TEVA PHARMACEUTICAL INDUSTRIES
LTD., TEVA NEUROSCIENCE, INC.,

and

Index No. 08 CV 7611 (BSJ)

YEDA RESEARCH AND DEVELOPMENT
CO. LTD.,

**PROTECTIVE ORDER**

Plaintiffs,

-against-

SANDOZ, INC., SANDOZ
INTERNATIONAL GMBH, NOVARTIS AG,

and

MOMENTA PHARMACEUTICALS, INC.,

Defendants.

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Name & Company/Firm Affiliation: _____

Address: _____

I hereby certify that I have read the attached Stipulated Protective Order ("Protective Order")

entered in the above referenced action (the "Litigation") and agree to be bound by its terms,

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I acknowledge that I cannot use any of the information

that is the subject of this Protective Order for any other purpose except this Litigation. I will

employ reasonable measures to control duplication of, access to, and distribution of Confidential Information, as defined in the Protective Order, and I will not reveal Confidential Information to or discuss it with, any person who is not entitled to receive Confidential Information.

Further, I understand and agree that damages for violation of the Protective Order are not an adequate remedy and that the appropriate remedy includes injunctive relief.

In addition, I agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

| | | |
|---|---|---|
| _____ | | _____ |
| Signature | | Date |