UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
TEVA PHARMACEUTICALS USA, INC.,         :
TEVA PHARMACEUTICAL INDUSTRIES LTD.,    :
TEVA NEUROSCIENCE, INC., and            :
YEDA RESEARCH AND DEVELOPMENT CO. LTD., :
                                        :
                           Plaintiffs,  :         08 Civ. 7611
                                        :         (BSJ)(AJP)
              v.                        :
                                        :            **Order**
                                        :
                                        :
SANDOZ, INC., SANDOZ INTERNATIONAL      :
GMBH, NOVARTIS AG, and MOMENTA          :
PHARMACEUTICALS, INC.                   :
                                        :
                           Defendants.  :
----------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Currently before the Court is Plaintiffs' request that the Court order Defendants to provide the Court and Plaintiffs with ten days notice prior to launch of Defendants' intent and ability to launch their product.  For the reasons provided below, Plaintiffs' request is DENIED.

**DISCUSSION**

Earlier this year, Plaintiffs asked the Court to order Defendants to provide the Court and Plaintiffs with, at least, ninety days prior notice of Defendants' ability and intent to launch their product.  The Court held a hearing regarding Plaintiffs' request in September of this year.  At the hearing,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/12/10_

the Court directed the parties to attempt to reach an agreement
regarding Plaintiffs' request.

The parties were unable to reach an agreement. Although
Defendants agreed to provide Plaintiffs with notification of
approval from the Food and Drug Administration ("FDA") within
two hours of receipt, that did not satisfy Plaintiffs. Backing
off their request for at least ninety days prior notice,
Plaintiffs now argue that they need, at a minimum, ten days
prior notice of Defendants' intent and ability to launch their
product. In addition to offering to post a bond to alleviate
Defendants' concerns regarding possible monetary loss during the
notice period, Plaintiffs argue that ten days prior notice is
the minimum amount of time they would need to file a motion for
preliminary injunction and a temporary restraining order.

While other courts may have, in other circumstances,
ordered generic drug makers to provide another party with notice
of its intent and ability to launch, the Court finds that it is
unnecessary to do so here. Defendants are under no legal
obligation to provide Plaintiffs with notice of its intent and
ability to launch. Plaintiffs' request amounts, in essence, for
the Court to order Defendants to provide Plaintiffs with
confidential business information, which, for all intent and
purposes, would function as an injunction by prohibiting

Defendants from launching their product even if they have FDA approval and the thirty-month statutory stay period has expired.

Plaintiffs may ultimately be correct that Defendants unwillingness to provide Plaintiffs with notice prior to launch means that Defendants intend to take their product to market immediately upon receiving FDA approval and after the thirty-month stay has expired.  While the Court appreciates Plaintiffs' desire to avoid saddling the Court with an emergency and possibly unnecessary request for a temporary restraining order, the Court is confident that Rule 65 of the Federal Rules of Civil Procedure provides more than ample recourse for addressing Plaintiffs' concerns.

## CONCLUSION

For the reasons provided above, Plaintiffs' request for an order directing Defendants to provide the Court and Plaintiffs with ten days notice prior to launch of Defendants' intent and ability to launch their product is DENIED.

SO ORDERED:

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


Dated:      New York, New York
            October 12, 2010